[Cite as *State v. Gordon*, 2020-Ohio-3655.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RAHEEM N. GORDON | : | Case No. 2019 CA 00182 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                     Pleas, Case No. 2019CR1312



JUDGMENT:                            Affirmed



DATE OF JUDGMENT:                    July 8, 2020



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRARO                           BERNARD L. HUNT
PROSECUTING ATTORNEY                      2395 McGinty Road, NW
STARK COUNTY, OHIO                        North Canton, OH  44720

By: KATHLEEN O. TATARSKY
110 Central Plaza, South
Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Raheem N. Gordon, appeals the November 13, 2019 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his motion to suppress. Plaintiff-Appellee is the state of Ohio.

PROCEDURAL HISTORY

{¶ 2} On July 26, 2019, the Stark County Grand Jury indicted appellant on one count of tampering with evidence in violation of R.C. 2921.12, one count of having weapons while under disability in violation of R.C. 2923.13, and one count of carrying a concealed weapon in violation of R.C. 2923.12.

{¶ 3} On September 20, 2019, appellant filed a motion to suppress, claiming an illegal stop and seizure. A hearing was held on November 4, 2019. By judgment entry filed November 13, 2019, the trial court denied the motion.

{¶ 4} On November 18, 2019, appellant pled no contest to the charges and stipulated to a finding of guilty. By judgment entry filed November 25, 2019, the trial court sentenced appellant to an aggregate term of thirty-six months in prison.

{¶ 5} On March 24, 2020, the trial court filed a judgment entry nunc pro tunc to reflect that appellant had pled no contest instead of guilty as erroneously stated in the November 25, 2019 entry.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS."

I

{¶ 8}  In his sole assignment of error, appellant claims the trial court erred in denying his motion to suppress.  We disagree.

{¶ 9}  As stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).  Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶ 10} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 11} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Freeman,* 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus; *State v. Andrews,* 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991).

{¶ 12} In his motion to suppress, appellant sought to suppress the firearm confiscated at the scene and any statements he may have made. Appellant argued there was no reasonable articulable suspicion to stop and speak to him, and upon being detained, he was questioned without being advised of his Miranda rights.

{¶ 13} The sole witness at the suppression hearing was the responding officer, Perry Township Police Patrolman Stephen Slone. On June 30, 2019, Patrolman Slone responded to "a call of a female being assaulted, actively assaulted by a male, that the male was known to have a firearm." T. at 8. The location was the Crown Motel in Massillon, Ohio. *Id.* As Patrolman Slone pulled up to the motel, he observed a male

individual walking away from him. *Id.* Another male stepped out of an entrance, pointed to the male walking away, and yelled " 'that's him, that's the guy.' " T. at 8-9. The man walking away turned and saw Patrolman Slone and took off running. T. at 9. Patrolman Slone pursued the male subject and noticed he was reaching in his front right pocket. *Id.* The male ran into a room with an open doorway and then reemerged with his hands up. T. at 10. After the male was secured, Patrolman Slone entered the open room occupied by two men. *Id.* One of the men told Patrolman Slone that the male subject "ran over there and hid a gun behind the couch." *Id.* Patrolman Slone retrieved a firearm from behind the couch. *Id.* The firearm was loaded and there was one in the chamber. T. at 11. A check of the serial number on the firearm indicated it had been reported as stolen. *Id.* Patrolman Slone did not talk to appellant at the scene. T. at 12. He was attempting to locate the female that was dispatched as having been assaulted, but "she had several felony warrants and had fled the scene, so we were looking for her." *Id.* Patrolman Slone did not have reason to believe that the firearm belonged to one of the two men inside the room because he could see them from the open doorway. T. at 20. Appellant was Mirandized in Patrolman Slone's presence at the police station by another officer. T. at 20-21. To Patrolman Slone's knowledge, any statements made by appellant came after he had been Mirandized. T. at 22-23. At the conclusion of the suppression motion, defense counsel indicated he "simply initiated that [Miranda] argument in light of the fact that I could not ascertain from the provided video at which point Mr. Gordon was ever Mirandized." T. at 29.

{¶ 14} In its November 13, 2019 judgment entry denying the motion to suppress, the trial court concluded the patrolman "had a reasonable, articulable suspicion to stop Defendant when Defendant was found at the location where a crime was just reported,

was identified as the perpetrator by a passerby at the scene, and fled upon seeing the officer." "Furthermore, there was no evidence presented to this Court of any statement made by Defendant until after he was being booked at the station. By that time, of course, the officers had already discovered a weapon that was discarded by Defendant and had been reported stolen and had probable cause to support Defendant's arrest."

{¶ 15} We concur with the trial court's analysis. Patrolman Slone was responding to a call of a possible assault of a female by a male who was known to have a firearm. Upon arriving at the scene, another male pointed to appellant who was walking away and told the patrolman he was the perpetrator. Appellant saw the patrolman and ran. Patrolman Slone chased appellant until appellant ran into an open room and reemerged with his hands up. An occupant of the room informed the patrolman that appellant had placed a firearm behind the couch. We believe these facts support a reasonable articulable suspicion by Patrolman Sloan that appellant was engaged in criminal activity thereby justifying the stop and seizure of appellant.

{¶ 16} As for any statements made by appellant, they were made after he was properly Mirandized at the police station in Patrolman Slone's presence.

{¶ 17} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/db